■ BARBARA J. FRIED et al., Appellants, v LEHMAN BROTHERS REAL ESTATE ASSOCIATES III, L.P., et al., Respondents, et al., Defendants. [67 NYS3d 145]—

Judgment, Supreme Court, New York County (Saliann Scarpulla, J.), entered August 25, 2016, dismissing the amended complaint against defendants-respondents, unanimously affirmed, without costs.

The first and second causes of action, alleging fraudulent misrepresentation and gross negligence in misrepresentation, failed to satisfy the pleading requirements of CPLR 3016 (b).

The allegations of scienter here were not pleaded with the requisite particularity, but are conclusory, and scienter may not reasonably be inferred from the circumstantial evidence relied on by plaintiffs (see Giant Group v Arthur Andersen LLP, 2 AD3d 189, 190 [1st Dept 2003]). The related claims against individual defendants were also correctly dismissed.

The third, fourth, and fifth causes of action, which allege breaches of fiduciary duties, are duplicative of the breach of contract claim (see Nemec v Shrader, 991 A2d 1120, 1129 [Del 2010]). In addition, with respect to those claims, as well as the sixth cause of action, alleging a breach of fiduciary duty in connection with the waiver of a portion of the management fees, plaintiffs' conclusory allegations of bad faith are not adequate to overcome the exculpatory provision in the parties' contracts, which bar breach of fiduciary duty claims except in cases of fraud, bad faith, willful misconduct or gross negligence (see Wood v Baum, 953 A2d 136, 141 [Del 2008]).

The court correctly dismissed the eighth, ninth and tenth causes of action, which allege that the contracts included unconscionable provisions, as the penalties contained in the contracts are permitted in limited partnership agreements under both Delaware and New York law (see Del Code Ann, tit 6, § 17-502 [c]; Partnership Law § 121-502 [c]).

The breach of contract claim was deficiently pleaded. While plaintiffs alleged, in their breach of fiduciary duty claims and their claim for breach of the covenant of good faith and fair dealing, conduct implicating specific provisions of the relevant contracts, they never pleaded, in those claims or the breach of contract claim, the breach of any specific contractual provisions. The good faith and fair dealing claim is duplicative of the breach of contract claim.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Tom, J.P., Renwick, Gische, Oing and Singh, JJ.