Manipal Educ. Ams., LLC v Taufiq (2022 NY Slip Op 02200)





Manipal Educ. Ams., LLC v Taufiq


2022 NY Slip Op 02200


Decided on March 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 31, 2022

Before: Renwick, J.P., Gesmer, Singh, Rodriguez, JJ. 


Index No. 652776/19 Appeal No. 15635 Case No. 2021-01380 

[*1]Manipal Education Americas, LLC, Plaintiff-Appellant,
v
Zain Taufiq et al., Defendants-Respondents.


Sills Cummis & Gross P.C., New York (James M. Hirschhorn of counsel), for appellant.
J. Greenberger, PLLC, New York (Jordan D. Greenberger of counsel), for Zain Taufiq, respondent.
Carter Reich, P.C., New York (Carter A. Reich of counsel), for Tristan Kneschke and Exit Editorial, Inc., respondents.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered March 25, 2021, which, insofar as appealed from as limited by the briefs, granted defendants' motions to dismiss the complaint and denied plaintiff's motions to compel discovery, unanimously modified, on the law, to deny defendant Zain Taufiq's motion as to the breach of fiduciary duty claim against him, subject to plaintiff's amendment of the complaint to specify when each challenged transaction took place and to limit its damages to losses arising from transactions occurring within six years of the filing of the complaint, and otherwise affirmed, without costs.
This action arises from the conduct of plaintiff's former director of marketing, Taufiq, in repeatedly contracting with Exit Editorial, Inc. (Exit), owned by Tristan Kneschke (together with Exit, the Exit defendants), for video editing services. Plaintiff claims that Taufiq falsely represented to it that he negotiated with Exit at arms length and that Exit's prices were reasonable, when in fact its prices were well above market rate, he had an ownership interest in Exit, and he received a cash finder's fee for each contract with Exit.
Plaintiff's allegations and supporting affidavits were sufficient to permit an inference that a separate exercise of judgment, and thus a separate wrong, was committed each time Exit was hired, thereby enabling application of the continuing wrong doctrine (see CWCapital Cobalt VR Ltd. v CWCapital Invs. LLC, 195 AD3d 12, 18-20 [1st Dept 2021]; Matter of Yin Shin Leung Charitable Found. v Seng, 177 AD3d 463, 464 [1st Dept 2019]). This doctrine is properly considered, as it was raised below, albeit obliquely, and is at any rate a purely legal argument (see Watson v City of New York, 157 AD3d 510, 511 [1st Dept 2018]). However, plaintiff should be required to replead, specifying when each transaction with Exit took place and limiting its damages to losses arising from the transactions occurring within six years of the filing of the complaint. In view of our disposition of this issue, we need not reach the parties' arguments with respect to the fraud-discovery rule.
Plaintiff fails to state a cause of action for aiding and abetting breach of fiduciary duty against the Exit defendants, as the complaint does not sufficiently allege that they knowingly induced or participated in the breach (see generally Kaufman v Cohen, 307 AD2d 113, 125-126 [1st Dept 2003]). The fraud claim against these defendants should also be dismissed for failure to allege a material misrepresentation by them (see generally Epiphany Community Nursery Sch. v Levey, 171 AD3d 1, 8 [1st Dept 2019]) and as duplicative of the breach of contract claim (see Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54, 62-63 [1st Dept 2017]). The breach of contract claim against these defendants must be dismissed for failure to identify which, if any, contractual provisions were breached by Exit. We decline to consider plaintiff's argument, made [*2]for the first time in its reply on appeal, that defendant breached the implied covenant of good faith and fair dealing. The unjust enrichment claim against the Exit defendants must also be dismissed for failure to allege that they were not entitled to, or should not equitably be allowed to keep, payments received for their video editing work (see generally Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790 [2012]).
The unjust enrichment claim against Taufiq must be dismissed as duplicative of the other claims against him (see Corsello, 18 NY3d at 790). The fraud claim against him must also be dismissed because justifiable reliance was conclusively refuted by a series of emails exchanged between Taufiq and plaintiff's executives in 2010 (the 2010 emails), the substance of which triggered a duty to investigate, which plaintiff admittedly failed to do (see Peach Parking Corp. v 346 W. 40th St., LLC, 42 AD3d 82, 87 [1st Dept 2007]; Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 99-100 [1st Dept 2006], lv denied 8 NY3d 804 [2007]).
The breach of fiduciary duty claim against Taufiq should be reinstated, as an agent has a duty to make full disclosure to its principal of any conflicts of interest and there is no requirement of justifiable reliance for such a claim (see Frame v Maynard, 83 AD3d 599, 602 [1st Dept 2011]; TPL Assoc. v Helmsley-Spear, Inc., 146 AD2d 468, 470-471 [1st Dept 1989]; see also generally Besen v Farhadian, 195 AD3d 548, 549-550 [1st Dept 2021]). Contrary to defendants' argument, the 2010 emails were not sufficient to meet this disclosure obligation. We find that the allegations supporting the breach of fiduciary duty claim were sufficiently particular, notwithstanding that plaintiff did not specifically list each individual transaction, because plaintiff's allegations that the overcharging and illicit finder's fees, and Taufiq's misrepresentations regarding them, affected all of their contracts with Exit between 2010 and 2018 were sufficient to inform Taufiq of the nature of the claims and to enable him to mount a defense (see generally Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]).
The claims against Taufiq are not independently barred by the doctrines of release or equitable estoppel. The operative release agreement did not purport to release any claims against Taufiq, but only granted him compensation "[i]n return for" his release of plaintiff. Although the 2010 emails triggered a duty to investigate, they did not sufficiently disclose the fraud so as to render plaintiff's continued use of Exit's services a waiver of its right to object thereto.
Even if not moot — at least as against Taufiq — plaintiff's motions to compel should still be denied as premature. Plaintiff did not serve discovery demands on Taufiq until May 7, 2020, and discovery was automatically stayed by the filing of defendants' motions to dismiss shortly thereafter (see CPLR 3214[b]). Plaintiff also failed to submit an affirmation reciting [*3]its good faith efforts to meet and confer to resolve any discovery disputes (see Uniform Rules for Trial Cts [22 NYCRR] § 202.7[a][2]; Cashbamba v 1056 Bedford LLC, 172 AD3d 415, 415-416 [1st Dept 2019]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2022