SL 4000 Conn. LLC v CBRE, Inc. (2023 NY Slip Op 04350)

SL 4000 Conn. LLC v CBRE, Inc.

2023 NY Slip Op 04350

Decided on August 17, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 17, 2023

Before: Renwick, P.J., Webber, Oing, Singh, Kennedy, JJ. 

Index No. 652275/22 Appeal No. 262 Case No. 2023-00496 

[*1]SL 4000 Connecticut LLC et al., Plaintiffs-Appellants,
v
CBRE, Inc., Defendant-Respondent.

Nutter McClennen & Fish LLP, New York (Christopher J. Sullivan of counsel), for appellants.
Susman Godfrey L.L.P., New York (Steven M. Shepard of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered January 23, 2023, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the first through sixth causes of action, unanimously modified, on the law, to deny the motion as to the first and sixth causes of action, those causes of action reinstated, and otherwise affirmed, without costs.
Plaintiff landlords retained defendant to manage property they own in Washington, D.C. In 2016, defendant, in its capacity as the real estate broker for nonparty Whittle School & Studios (Washington) LLC (Whittle), entered into a brokerage agreement with plaintiffs in connection with the negotiation of a sublease between plaintiffs and Whittle. Pursuant to that agreement, plaintiffs were to pay defendant a brokerage commission, with half due upon the signing of the sublease, and half due upon the commencement of the lease. Plaintiff and Whittle executed the sublease on August 2, 2018, and rent payments commenced on July 1, 2019. Nine months later, on April 1, 2020, Whittle defaulted on the sublease, leaving plaintiffs with substantial financial liabilities. Plaintiffs commenced this action to recover damages, including the brokerage commission it had paid, and to relieve itself of any further obligation under the brokerage agreement.
The court should not have dismissed the first cause of action seeking a declaration that the brokerage agreement was void and unenforceable because plaintiffs have pleaded facts entitling it to the relief sought. D.C. Code § 42-1703(i)(1) provides that "[a] licensee may act as a dual representative only with the written consent of all clients to the transaction." A "dual representative" is defined as "a licensee who has a brokerage relationship with both seller and buyer, or both landlord and tenant, in the same real estate transaction" (D.C. Code § 42-1702[6A]). The term "licensee" encompasses "real estate brokers, salespersons and property managers" (id. § 42-1702[7A]), and a "brokerage relationship" is "the contractual relationship between a client and a real estate licensee who has been engaged by such client for the purpose of procuring a seller, buyer, option, tenant, or landlord ready, able, and willing to sell, buy, option, exchange, or rent real estate on behalf of a client, or for the purposes ofmanaging real estate on behalf of a client" (id. § 42-1702[2A]). Thus, under the plain language of the D.C. statute, defendant, as plaintiffs' property manager, was a "licensee" who had a "brokerage relationship" with plaintiffs, and therefore was required to obtain plaintiffs' written consent before it represented Whittle as its broker in connection with the negotiation of the sublease. Accordingly, the first cause of action is reinstated, and the matter remanded for a determination as to whether the brokerage agreement is void and unenforceable for defendant's failure to comply with D.C. Code § 42-1703(i)(1). Defendant's [*2]contention that no private right of action exists under the D.C. Code is unavailing (see Coon v Wood, 68 F Supp 3d 77, 86-88 [D DC 2014] [considering whether plaintiff stated a valid cause of action under D.C. Code § 42-1703]).
The second and third causes of action for breach of fiduciary duty were correctly dismissed. Plaintiffs allege that defendant breached its fiduciary duties as a real estate broker (see D.C. Code § 42-1703[c][1]) and property manager (see id. § 42-1703[e]) by failing to disclose Whittle's undercapitalization and ongoing financial and operational problems. Defendant, however, was Whittle's real estate broker in the sublease transaction and, thus, owed no fiduciary duty to plaintiffs with respect to that transaction. Plaintiffs failed to allege any facts showing that defendant breached its fiduciary duties as their property manager.
The fourth and fifth causes of action for fraudulent inducement and fraud were also properly dismissed. For a fraud claim, plaintiffs must allege facts, with sufficient particularity, showing "a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance . . . and damages" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; Drake v McNair, 993 A2d 607, 622 [DC 2010] [similar elements]; see CPLR 3016; Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 492-493 [2008]). Plaintiffs allege that defendant misrepresented facts surrounding Whittle's financial condition, including its undercapitalization, to induce plaintiffs to enter into the brokerage agreement and sublease agreement. The allegations, however, are insufficient to give rise to a reasonable inference that defendant knew that the alleged representations were false when defendant made them (see Pludeman, 10 NY3d at 492). Moreover, plaintiffs cannot claim justifiable reliance because they did not take any steps to investigate Whittle's financial circumstances when they learned that Whittle failed to provide its construction company with a 10 million dollar letter of credit for improvements to the property (see e.g. Manipal Educ. Ams., LLC v Taufiq, 203 AD3d 662, 664 [1st Dept 2022]; United States Life Ins. Co. in the City of N.Y. v Horowitz, 192 AD3d 613, 614 [1st Dept 2021]).
Because plaintiffs have alleged that the brokerage agreement is void and unenforceable, they may assert a claim for unjust enrichment in the alternative to recover the brokerage commission that they had paid defendant (see Attias v Carefirst, Inc., 365 F Supp 3d 1, 25 [D DC 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 17, 2023