VB Soho LLC v Broome Prop. Owner JV LLC (2024 NY Slip Op 05839)

VB Soho LLC v Broome Prop. Owner JV LLC

2024 NY Slip Op 05839

Decided on November 21, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2024

Before: Webber, J.P., Singh, Gesmer, Pitt-Burke, Michael, JJ. 

Index No. 158844/19 Appeal No. 3077 Case No. 2024-01855 

[*1]VB Soho LLC etc., Plaintiff-Appellant,
v
Broome Property Owner JV LLC, Defendant-Respondent.

Colbert Law LLC, New York (Ripal J. Gajjar of counsel), for appellant.
Holland & Knight LLP, New York (Robert S. Bernstein of counsel), for respondent.

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered on or about March 1, 2024, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the breach of contract claim, and denied plaintiff's cross-motion for partial summary judgment on its breach of contract claim, and to compel discovery, unanimously affirmed, with costs.
Plaintiff asserts that defendant sponsor breached the parties' purchase agreement, which incorporated by reference the condominium's offering plan, by failing to install an integrated wine cooler in plaintiff's kitchen or to design a kitchen that could accommodate an integrated wine cooler while maintaining "sufficient cabinetry." However, plaintiff "fail[s] to identify which, if any, contractual provisions were breached" (Manipal Educ. Ams., LLC v Taufiq, 203 AD3d 662, 663 [1st Dept 2022]). The offering plan included a promise by defendant that plaintiff's unit would "be provided with" one of two models of wine coolers, "[s]ubject to [defendant's] right to make substitutions of equal or better quality." Plaintiff asserts that the two listed models are designed to be integrated into cabinetry but does not identify any language in the offering plan requiring defendant to integrate or install the wine cooler in a precise location or design the kitchen in a particular way. The floor plan for plaintiff's unit, included in the offering plan, does not depict an integrated wine cooler in the kitchen or elsewhere.
Furthermore, prior to closing, plaintiff's representative "accept[ed] the Unit in its 'AS-IS, WHERE IS' condition . . . except for . . . the wine cooler as described in the offering plan, which wine cooler will be delivered post-closing." Plaintiff, however, included no exception for the kitchen's design in the as-is statement and therefore cannot claim that defendant's design of the kitchen was in breach of the offering plan (see Nat's Pizzeria v 165 Lexington Ave. Assoc., 304 AD2d 389, 389 [1st Dept 2003]). Plaintiff also rejected defendant's offer to deliver such a wine cooler after closing, as agreed to in the as-is statement.
We have considered plaintiff's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2024