Linares v City of New York (2024 NY Slip Op 06156)

Linares v City of New York

2024 NY Slip Op 06156

Decided on December 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024

Before: Renwick, P.J., Friedman, Shulman, Pitt-Burke, Rosado, JJ. 

Index No. 303086/15 Appeal No. 3231 Case No. 2024-03265 

[*1]Enrique Linares, Plaintiff-Respondent,
v
The City of New York, et al., Defendants-Appellants.

Cerussi & Spring, White Plains (A. Joseph Giannini of counsel), for appellants.
Gorayeb & Associates, P.C., New York (Jonathan D. Moran of counsel), for respondent.

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered May 10, 2024, which denied defendants' motion pursuant to CPLR 3025 to amend its answer to assert a counterclaim for fraud, and to vacate the note of issue, strike the case from the trial calendar, and stay the trial pending discovery, unanimously affirmed, without costs.
Defendants moved to amend its answer to assert a counterclaim for fraud based on an unrelated Racketeer Influenced and Corrupt Organizations (RICO) complaint filed in federal court on March 1, 2024, which alleged that, among others, plaintiff's attorney, Christopher J. Gorayeb, and plaintiff's medical providers, NY Ortho, Sports Medicine & Trauma, P.C. (NY Ortho), Jeffrey Kaplan, M.D., Matthew Grimm, M.D., Adrian Puia, RPT, and Lenox Hill Radiology and Medical Imaging Associates, P.C. (Lenox Hill) engaged in a scheme designed to exploit New York Workers' Compensation and the legal system for money. The alleged scheme involved Gorayeb referring clients to Dr. Kaplan at NY Ortho, who would then refer patients to Lenox Hill to make unsupported positive findings, and to Dr. Grimm and Puia for unnecessary medical treatment to justify further unnecessary courses of treatment. Defendants' counterclaim alleged that plaintiff's treatment fell within the scheme and that plaintiff knowingly made materially false statements related to his accident, injuries, and treatment.
The motion court providently exercised its discretion in denying defendants' motion. Even though defendants promptly filed the motion to amend after learning of the RICO complaint, thus demonstrating good cause for the nine-year delay, the proposed counterclaim was palpably insufficient (see Tribeca Space Mgrs., Inc. v Tribeca Mews Ltd., 200 AD3d 626, 628 [1st Dept 2021]). The counterclaim failed to allege any facts that plaintiff knowingly made material misrepresentations so as to support a fraud claim (see SL 4000 Conn. LLC v CBRE, Inc., 219 AD3d 417, 418 [1st Dept 2023]). The unproven allegations of fraud against plaintiff's attorney and medical providers in the RICO complaint do not, without more, warrant a counterclaim for fraud against plaintiff himself. While defendants emphasize that plaintiff's independent medical examinations corroborate his participation in the alleged scheme in that the physicians challenged the cause of plaintiff's claimed injuries and the necessity of his medical treatment, they fail to sufficiently plead what, if any, misrepresentations plaintiff knowingly made. Under these circumstances, we agree with Supreme Court that it should be left to the trial court to determine to what extent defendants can explore the RICO allegations at trial (see generally Mazella v Beals, 27 NY3d 694, 711 [2016]).
We perceive no basis for costs and sanctions against defendants under 22 NYCRR 130-1.1 and CPLR 8303-a(a). Defendants did not engage in frivolous conduct by moving to amend its answer as they had a legitimate interest in seeking to [*2]protect themselves from paying a claim inflated by fraud should a verdict be rendered against them.
We have considered defendants' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2024