## Espinosa v Cape Church Assoc., LLC

2025 NY Slip Op 30454(U)

February 5, 2025

Supreme Court, New York County

Docket Number: Index No. 160747/2019

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  __HON. JUDY H. KIM__                              PART                04

*Justice*

-----------------------------------------------------------------------------X

JOSE SABIAGA ESPINOSA,

                               Plaintiff,

                        - v -

CAPE CHURCH ASSOCIATES, LLC, CONSIGLI & ASSOCIATES, LLC, T.G. NICKEL & ASSOCIATES, LLC,

                         Defendants.

-----------------------------------------------------------------------------X

CAPE CHURCH ASSOCIATES, LLC, CONSIGLI & ASSOCIATES, LLC,

                     Third-Party Plaintiffs,

                -against-

AM ARCHITECTURAL METAL & GLASS INC.,

                    Third-Party Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160747/2019 |
| MOTION DATE | 07/02/2024, 09/03/2024 |
| MOTION SEQ. NO. | 009 011 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595913/2020

The following e-filed documents, listed by NYSCEF document number (Motion 009) 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399, 400, 401, 402, 403, 404, 405, 406, 407, 408, 435, 437, 441, 444, 445, 446, 447, 448, 449, 450, 451, 452, 453, 454, 455, 456, 457, 458, 459, 460, 461, 462, 463, 464, 465, 466, 467, 470, 485, 486, 487, 488, 489, 490

were read on this motion to                      AMEND CAPTION/PLEADINGS     .

The following e-filed documents, listed by NYSCEF document number (Motion 011) 413, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 431, 432, 433, 434, 439, 440, 443, 468, 469, 471, 484

were read on this motion to                      AMEND CAPTION/PLEADINGS     .

       Upon the foregoing documents, the motions by defendants and third-party defendant to amend their Answers to assert counterclaims for fraud are denied.

**160747/2019  ESPINOZA, JOSE vs. CAPE CHURCH ASSOCIATES, LLC**
**Motion No.  009 011**

                             **Page 1 of 4**

In motion sequence 009, third-party defendant AM Architectural Metal & Glass Inc. moves for an order: (1) granting it leave to amend its Answer to include a counterclaim for fraud as against the plaintiff; and (2) striking plaintiff's note of issue (filed on December 29, 2023) to permit discovery related to its counterclaim, including compelling plaintiff to appear for various MRIs and issuing so ordered subpoenas duces tecum to Dr. Michael Gerling, Spine Care NYC, The Gerling Institute Center for Musculoskeletal and Neurological Care, Lenox Hill Radiology, Hudson Regional Hospital, New York Sports & Joints, Surgicore Surgical Center, Dr. Scott Katzman, Mountain Surgery, and Golden Pear Funding. In motion sequence 011, defendants Cape Church Associates, LLC and Consigli & Associates, LLC move for the same relief. These motions are consolidated for disposition and are, for the reasons set forth below, denied.

## DISCUSSION

"Leave to amend pleadings under CPLR 3025(b) should be freely given and denied only if there is prejudice or surprise resulting directly from the delay or if the proposed amendment is palpably improper or insufficient as a matter of law" (McGhee v Odell, 96 AD3d 449, 450 [1st Dept 2012] [internal citations and quotations omitted]). The proposed amendments are palpably insufficient as a matter of law. "The unproven allegations of fraud against plaintiff's … medical providers in [a] RICO complaint do not, without more, warrant a counterclaim for fraud against plaintiff," particularly where, as here, the proposed amended Answers fail to "allege any facts that plaintiff knowingly made material misrepresentations so as to support a fraud claim" (Linares v City of New York, 233 AD3d 479 [1st Dept 2024] citing SL 4000 Conn. LLC v. CBRE, Inc., 219 AD3d 417, 418 [1st Dept 2023]). To the extent the movants assert that evidence produced during discovery undermines or entirely rebuts plaintiff's claims regarding his accident and injuries, this goes toward his credibility and provides grounds for cross examination at trial (or, in the latter

[* 2]

circumstance, a motion for summary judgment) rather than a fraud counterclaim. Neither have movants alleged facts to support their assertion that they justifiably relied on any misrepresentation by plaintiff—the fact that the movants have spent money defending themselves in this action does not establish their justifiable reliance on plaintiff's claims but, if anything, suggests the contrary.

In light of the foregoing, that branch of movants' motions which seeks an order vacating the note of issue and permitting discovery related to their fraud allegations (or permit such discovery post-note of issue) is also denied (See e.g., Ling v New York Presbyt./Brooklyn Methodist, 84 Misc 3d 1253(A) [Sup Ct, Bronx County 2024]).

Accordingly, it is

**ORDERED** that third-party defendant AM Architectural Metal & Glass Inc.'s motion to amend its Answer is denied; and it is further

**ORDERED** that defendants Cape Church Associates, LLC and Consigli & Associates, LLC's motion to amend their Answer is denied; and it is further

**ORDERED** that the parties are to appear for a status conference order on April 17, 2025 at 9:30 a.m. in Part 4, 80 Centre Street, New York, NY 10013; and it is further

**ORDERED** that plaintiff shall, within ten days of the date of this decision and order, serve a copy of same, with notice of entry, upon all parties as well as the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the

160747/2019   ESPINOZA, JOSE vs. CAPE CHURCH ASSOCIATES, LLC                                    Page 3 of 4
Motion No.  009 011

3 of 4

[* 3]

"EFiling" page on this court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision and order of the Court.

2/5/2025
**DATE**

**HON. JUDY H. KIM, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**160747/2019  ESPINOZA, JOSE vs. CAPE CHURCH ASSOCIATES, LLC**
**Motion No.  009 011**

Page 4 of 4

[* 4]