**Curtis v Oxford Health Plans (NY), Inc.**

2026 NY Slip Op 30842(U)

March 5, 2026

Supreme Court, New York County

Docket Number: Index No. 655481/2025

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. LYLE E. FRANK**                              PART                          **11M**

*Justice*

------------------------------------------------------------------------------X

THOMAS M. CURTIS,

INDEX NO.     655481/2025

Plaintiff,

MOTION DATE     11/13/2025

- v -

MOTION SEQ. NO.     001

OXFORD HEALTH PLANS (NY), INC.,UNITEDHEALTH
GROUP INCORPORATED, UNITED HEALTHCARE
SERVICES, INC.,UNITED HEALTHCARE,
INC.,UNITEDHEALTHCARE OF NEW YORK, INC.

**DECISION + ORDER ON
MOTION**

Defendant.

------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34

were read on this motion to/for                      DISMISS                   .

Upon the foregoing documents, the motion is granted.

## Background

In 1992, Plaintiff entered into a medical insurance contract with defendant Oxford Health Plans, Inc. ("Oxford"). Since then, Oxford has become part of the United Healthcare umbrella. In December of 2021, Plaintiff fell and was injured. While Oxford initially refused to pay for dental work necessary after the accident, certain dental procedures were eventually authorized. The work was performed, and the doctor was paid by Oxford. Plaintiff attempted to have further dental work through an out-of-network provider authorized, but this request was denied. Plaintiff appears to have gone to an out-of-network provider for the work in question regardless and then attempted to have this bill reimbursed by Oxford. This attempt was not successful. Many of the letters and emails sent to Oxford were not answered.

[* 1]

Meanwhile, Plaintiff's personal physician had left the Oxford plan coverage and is no longer covered in-network. A representative of Oxford provided a list of in-network primary care physicians to Plaintiff. Plaintiff alleges that many of the physicians on the list are not accepting new patients and that there are several errors on the list relating to address and practice area. In 2025, Plaintiff wished to obtain a referral to a specialist, and was told by Oxford that they were unable to issue the referral themselves and that it needed to come from a provider. Plaintiff went to a specialist and has been attempting to have Oxford reimburse him for that appointment. Such attempts have been unsuccessful and several of the letters and emails have gone unanswered. Plaintiff filed this underlying proceeding in September of 2025, with claims for breach of contract and violations of the General Business Law. In addition to Oxford, Plaintiff has named various entities from the United Healthcare umbrella as defendants (collectively, the "United Defendants").

**Standard of Review**

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340, 341 [2d Dept. 2003]. Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 [2017].

CPLR § 3211(a)(1) allows for a complaint to be dismissed if there is a "defense founded upon documentary evidence." Dismissal is only warranted under this provision if "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a

655481/2025   CURTIS, THOMAS M. vs. OXFORD HEALTH PLANS (NY), INC. ET AL          Page 2 of 6
Motion No.  001

2 of 6

matter of law." *Leon v. Martinez,* 84 N.Y.2d 83, 88 [1994]. A party may move for a judgment from the court dismissing causes of action asserted against them based on the fact that the pleading fails to state a cause of action. CPLR § 3211(a)(7). For motions to dismiss under this provision, "[i]nitially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." *Guggenheimer v. Ginzburg*, 43 N.Y. 2d 268, 275 [1977].

**Discussion**

Defendants bring this pre-answer motion to dismiss on several grounds. First, they argue that the United Defendants should be dismissed as they are not proper parties to the action. They also argue that the claims asserted variously fail as a matter of law. Plaintiff opposes the motion. For the reasons that follow, the motion is granted, but Plaintiff will be given an opportunity to amend the complaint.

*The United Defendants Are Not Proper Parties*

Defendants move to dismiss the claims asserted against the United Defendants on the grounds that they are not proper parties to this action. Oxford is the named party on the agreement in question, and the policy was funded and administered by Oxford as stated in the contract. Plaintiff argues that he is unaware of what entity administers the plan benefits and that he has frequently communicated with United employees regarding the plan. But mere corporate affiliation is insufficient to give rise to liability without a piercing of the corporate veil. *See, e.g., Horsehead Indus. v. Metallgesllschaft AG*, 239 A.D.2d 171, 172 [1st Dept. 1997] (holding that a parent company can be liable if the subsidiary is a dummy or controlled by the parent for the parent's own purpose). Here, Plaintiff has not shown or alleged facts that would pierce the corporate veil, only that employees associated with United act on behalf of Oxford in

655481/2025   CURTIS, THOMAS M. vs. OXFORD HEALTH PLANS (NY), INC. ET AL        Page 3 of 6
Motion No.  001

3 of 6

administering the plan benefits. Therefore, dismissal of the United Defendants is proper. While the Court is aware that Plaintiff is concerned about the availability of appropriate witnesses with knowledge should these parties be dismissed, it has not been shown that said witnesses will be unavailable should these defendants be dismissed.

*The Breach of Contract Claims Fail to State a Claim Due to No Identification of the Provisions Allegedly Breached*

Defendants move to dismiss the claims sounding in breach of contract on the grounds that the complaint fails to identify what provision of the agreement was breached. In opposition, Plaintiff argues that he does not need to identify any specific provision of the contract that was breached, and the mere conclusory allegation that the facts alleged constitute a breach is sufficient. The case law is well settled that in order to validly plead a claim for breach of contract, the plaintiff must point to the specific provisions that they allege were breached. *See, e.g., 34-06 73, LLC v. Seneca Ins. Co.*, 39 N.Y.3d 44, 52 [2022](a plaintiff must identify which contractual provisions were breached in order to state a cause of action); *see also Fried v. Lehman Bros. Real Estate Assoc. III, L.P.*, 156 A.D.3d 464, 465 [1st Dept. 2017]; *Manipal Educ. Ams., LLC v. Taufiq*, 203 A.D.3d 662, 663 [1st Dept. 2022]; *VB Soho LLC v. Broome Prop. Owner JV LLC*, 232 A.D.3d 520, 521 [1st Dept. 2024]; *Martin Assoc., Inc. v. Illinois Natl. Ins. Co.*, 188 A.D.3d 572, 572 [1st Dept. 2020]. Dismissal would, therefore, be proper. But at oral argument held on this motion, Plaintiff made an oral application for leave to amend the complaint in order to identify what provisions were allegedly breached. The Court grants this application and will give Plaintiff time to amend.

*The Claims Under the General Business Law*

655481/2025 CURTIS, THOMAS M. vs. OXFORD HEALTH PLANS (NY), INC. ET AL Page 4 of 6
Motion No. 001

4 of 6

[* 4]

Plaintiff's fourth cause of action alleges that the PCP list provided by Defendants is a deceptive business practice under GBL §§ 349 – 50. Defendants move to dismiss this claim on the grounds that the complaint fails to allege facts going to specific deceptive or misleading conduct that would support a claim under the GBL. In opposition, Plaintiff argues that he has sufficiently alleged consumer-orientated conduct through the allegation that the PCP list in question has likely been circulated to other consumers.

GBL §§ 349 and 350 regulate, respectively, deceptive acts and practices and false advertising, and the standard for recovery is the same across both provisions. *Denenberg v. Rosen*, 71 A.D.3d 187, 194 [1st Dept. 2010]. The three elements that must be shown for Section 349 are "first, that the challenged act or practice was consumer-orientated; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." *Stutman v. Chemical Bank*, 95 N.Y.2d 24, 29 [2000]. It is a threshold matter for these provisions that a plaintiff's claims "must be predicated on a deceptive act or practice that is 'consumer oriented'" in contrast to a private contractual dispute. *Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330, 344 [1999]; *see also Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 [1995] (holding that "[p]rivate contract disputes, unique to the parties, for example, would not fall within the ambit of the statute"); *Golub v. Tanenbaum-Harbor Co., Inc.*, 88 A.D.3d 622, 623 [1st Dept. 2011] (dismissing GBL claim when there were only conclusory allegations as to behavior with other customers and no allegations of "the type of conduct that would have a broad impact on consumers at large").

Here, taking all facts alleged by the Plaintiff to be true and according him every favorable inference, the alleged behavior cannot be termed consumer-orientated conduct. Plaintiff alleges that he was provided with a PCP list that contained various errors, and that this as a breach of an

655481/2025   CURTIS, THOMAS M. vs. OXFORD HEALTH PLANS (NY), INC. ET AL          Page 5 of 6
Motion No.  001

5 of 6

[* 5]

unspecified provision of what he himself characterizes as a "unique contract." Even assuming that the acts alleged by Plaintiff (that a PCP list containing address and practice area errors) constituted a material deception, there are no allegations that support a characterization of the conduct as consumer orientated. This appears to be a private contractual dispute between the parties, of precisely the nature that the Court of Appeals has held falls outside the ambit of GBL §§ 349 and 350. Accordingly, it is hereby

ADJUDGED that the motion is granted; and it is further

ADJUDGED that defendants UnitedHealth Group Incorporated, United HealthCare Services, Inc. s/h/a United Healthcare Services, Inc., UnitedHealthcare, Inc. s/h/a United Healthcare, Inc., and UnitedHealthcare of New York, Inc. are hereby dismissed from this action; and it is further

ADJUDGED that the first through fourth causes of action in the complaint are dismissed; and it is further

ORDERED that plaintiff will have twenty days from service of this order with notice of entry to amend the complaint.

20260305130112LFRANK6FFC7A233EA242C5940341C5AC8CA49C

__3/5/2026__
__DATE__

__LYLE E. FRANK, J.S.C.__

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

655481/2025   CURTIS, THOMAS M. vs. OXFORD HEALTH PLANS (NY), INC. ET AL
Motion No. 001

Page 6 of 6

6 of 6