SL 4000 Conn. LLC v CBRE, Inc. (2026 NY Slip Op 01622)

SL 4000 Conn. LLC v CBRE, Inc.

2026 NY Slip Op 01622

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Moulton, J.P., Friedman, Gesmer, O'Neill Levy, Chan, JJ. 

Index No. 652275/22|Appeal No. 6160-6161|Case No. 2025-04075 , 2025-05441|

[*1]SL 4000 Connecticut LLC et al., Plaintiffs-Appellants,
vCBRE, Inc., Defendant-Respondent.

Nutter McClennen & Fish LLP, New York (Christopher J. Sullivan of counsel), for appellant.
Blank Rome, LLP, New York (Gregory M. Bondo, of the bar of the State of California, admitted pro hac vice of counsel), for respondent.

Judgment, Supreme Court, New York County (Jennifer G. Schecter, J.), entered September 4, 2025, against plaintiff SL 4000 Connecticut LLC and in favor of defendant in the total sum of $19,924,160.47, and bringing up for review an order, same court and Justice, entered June 11, 2025, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment on the causes of action for a declaratory judgment (the first cause of action) and unjust enrichment (the sixth cause of action), and granted defendant's motion for summary judgment dismissing the first and sixth causes of action and on its counterclaims, unanimously modified, without costs, on the law, to vacate so much of the judgment as declared that defendant can enforce the brokerage agreement dated October 12, 2016 to recover a commission for brokering the sublease of nonparty Whittle School & Studios (Washington) LLC and awarded defendant the total sum of $19,924,160.47, deny defendant's motion to the extent it sought dismissal of the cause of action for a declaratory judgment and to the extent it sought summary judgment on its counterclaims, and grant plaintiffs' motion to the extent of declaring that plaintiffs have no further obligation to pay the remaining commissions under the brokerage agreement, and otherwise affirmed, without costs. Appeal from aforementioned order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiffs are the owners of a commercial property in Washington, D.C. As relevant here, plaintiff SL 4000 Connecticut LLC (SL 4000) designated SL 4000 CT Property Manager LLC (Property Manager LLC) as manager of the property for all purposes. Property Manager LLC and defendant, in turn, entered into a sub-management agreement that appointed defendant as the exclusive manager of the property. In 2016, defendant, in its capacity as a real estate broker, negotiated and brokered a sublease for a portion of the property on behalf of Whittle School. SL 4000 and defendant agreed pursuant to a brokerage agreement that defendant would receive a commission for its services, if earned, and it is undisputed that 50% of the commission was paid at signing. Whittle School ultimately defaulted on the sublease, allegedly leaving plaintiffs with large financial liabilities. As a result, plaintiffs commenced this action for declaratory relief and damages against defendant, alleging, among other things, that defendant was aware that Whittle was undercapitalized and could not fulfill its obligations under the sublease, and knowingly misrepresented and concealed this information. Plaintiffs also alleged that defendant as the exclusive leasing broker on behalf of Whittle in connection with the sublease transaction while simultaneously serving as the agent, adviser, consultant, and property and construction manager for plaintiffs. Defendant subsequently counterclaimed against SL 4000 for breach of the brokerage agreement based on SL 4000's failure to pay the second installment of the commission. Initially, in a prior appeal in this action, this Court found that under the plain language ofD.C. Code §§ 42-1702 (2A), (6A), (7A) and 42-1703(i)(1),defendant, as plaintiffs' property manager, was a "licensee" who had a "brokerage relationship" with plaintiffs, and was therefore required to obtain plaintiffs' and Whittle School's written consent to its dual representation in connection with its provision of brokerage services to Whittle School (SL 4000 Conn. LLC v CBRE, Inc., 219 AD3d 417 [1st Dept 2023]). This Court remanded the action to Supreme Court for a determination as to whether the brokerage agreement was void and unenforceable based on defendant's failure to comply with D.C. Code § 42-1703(i)(1). Upon remand, Supreme Court improperly determined that D.C. Code §§ 42-1702 (2A), (6A),(7A) and 42-1703(i)did not apply because there was no brokerage relationship between plaintiffs and defendant. This finding conflicted with this Court's prior decision, which was the law of the case (see Martin v Cohoes, 37 NY2d 162, 165 [1975]; NAMA Holdings, LLC v Greenberg Traurig, LLP, 92 AD3d 614, 614 [1st Dept 2012]). That the prior decision was rendered in the context of a motion to dismiss is of no consequence because it was not an evaluation of the sufficiency of the pleadings. Rather, the prior decision was based on the construction of the D.C. Code and documentary evidence, including the property management agreement. As to the merits of the motions, defendant failed to establish that the requirements of DC Code § 42-1703(i)(1) do not apply to it because it was engaged by Property Manager LLC rather than plaintiffs. D.C. courts recognize that when an agent with actual or apparent authority enters into a contract on behalf of a principal, the principal is a party to the contract (see Uhar & Co., Inc. v Jacob, 840 F Supp 2d 287, 290 [D DC 2012]), and a subagent appointed by an authorized agent owes the same duties to the principal as the agent (see Vicki Bagley Realty, Inc. v Laufer, 482 A2d 359, 364 n 13 [US App DC 1984]). Here, the record establishes that an agency relationship existed between plaintiffs and defendant because Property Manager LLC was authorized by plaintiffs to retain defendant as a subagent (see Schneider v Lazard Freres & Co., 159 AD2d 291, 296 [1st Dept 1990]; accord FDS Rest., Inc. v All Plumbing, Inc., 241 A3d 222, 236 [US App DC 2020]). That such an agency relationship existed is only buttressed by the fact that defendant has repeatedly admitted, including in its response to plaintiffs' notice to admit and in moving for summary judgment, that it performed property management services for plaintiffs. Additionally, the sub-management agreement between defendant and Property Manager LLC stated that defendant was an agent for plaintiffs with respect to drawing money for expenses from certain bank accounts.
Having demonstrated that it has an agency relationship with defendant, plaintiffs presented evidence establishing prima facie that neither they nor Whittle School provided written consents to defendant's dual representation. Thus, the brokerage agreement between SL 4000 and defendant is void and unenforceable because it violated DC Code § 42-1703(i) (see Jones Lang LaSalle Brokerage, Inc. v 1441 L Assocs., LLC, 597 F Supp 3d 64, 70-72 [D DC 2022], vacated and remanded on other grounds, 72 F4th 353 [DC Ct Ap 2023]). In opposition, defendant failed to present evidence sufficient to raise a triable issue of fact on this issue.
However, although the brokerage agreement is void, disgorgement of the portion of the commission already paid to defendant is not warranted. The record presents evidence that plaintiffs were aware of the dual representation at the time of the signing of the sublease agreement, and both parties to the transaction were sophisticated entities. Accordingly, on these facts, none of the circumstances typically weighing in favor of disgorgement under D.C. law are present (see Remsen Partners, Ltd. v Stephen A. Goldberg Co., 755 A2d 412, 420-421 [DC Ct App 2000]). We have considered the parties' remaining arguments and find them unavailing.
 THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026